**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**LYDELL DEVON STAPLES,**

       **Petitioner,**

**vs.**                             **Case No. 16−cv−1355−DRH**

**WILLIAM TRUE,**

       **Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, District Judge:**

    Petitioner Lydell Staples, who is currently incarcerated in the Federal Correctional Institution in Marion, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  In the Petition, he argues that under the recent decision of the Supreme Court in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his enhanced career-offender sentence is unconstitutional.  (Doc. 1).

    Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

    Without commenting on the merits of Petitioner's claims, the Court

concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## The Petition

In his criminal case in the Western District of Kentucky, *United States v. Staples*, No. 5:11-cr-43-TBR, Petitioner pled guilty, without a plea agreement, to two offenses: Count 1 – Distribution of Cocaine Base and Count 2 – Distribution of Marijuana.  (Doc. 1, p. 21).  He was sentenced to concurrent terms of 151 months and 60 months on Counts 1 and 2, respectively.  (Doc. 1, p. 22).  The career-offender enhancement was imposed pursuant to the United States Sentencing Guidelines ("USSG") at § 4B1.1, based on prior convictions for "Engaging in Organized Crime" and "Trafficking in Marijuana, More than 8 Ounces, Less than 5 Pounds," which the trial court deemed to be either "crime[s] of violence" or "controlled substance offense[s]" within the guideline meaning. (Doc. 1, pp. 15, 16-17).  As a result of the career-offender determination, Petitioner's total offense level was raised from 21 to 29, and the corresponding sentencing guideline range increased from 57-71 months to 151-188 months incarceration.  (Doc. 1, pp. 3-4, 15, 18).

Petitioner has not previously brought a § 2255 petition.  He now argues that pursuant to *Mathis*, he should be resentenced without enhancement.  (Doc. 1, p. 2).

## Discussion

The high court in *Mathis* held that "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary, Mathis's convictions under that law cannot give rise to an ACCA sentence." *Mathis*, 136 S. Ct. at 2257. The Court came to this conclusion reasoning "that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense." *Id.* at 2251. In its opinion, the Court instructed:

> The first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means. If they are elements, the court should do what we have previously approved: review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime. But if instead they are means, the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution.

*Id.* at 2256. The *Mathis* Court considered it an easy case that Iowa's burglary law enumerated various "alternative method[s]" of committing one offense, as the Iowa Supreme Court had held as much previously. *Id.*

Notably, "[t]he Supreme Court's decision in *Mathis* dealt with the Armed Career Criminal Act (ACCA), not the federal sentencing Guidelines." *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). However, *Mathis* is likely also applicable to the career offender guidelines, in that the "decision in *Mathis* clarified when and how the modified categorical approach is applied in the context of federal sentencing," and did not necessarily limit itself to cases involving the ACCA. *Id.* Petitioner argues that *Mathis* applies to his case and

3

enables this Court to review the Western District of Kentucky's determination that his organized crime offense could act as a predicate for the career offender enhancement, claiming that Kentucky's organized crime statute "is not a 'controlled substance'" statute and that the statute "is too broad" for his offense under it to be considered a controlled substance offense under *Mathis*. (Doc. 1, p. 8).   Petitioner also argues his marijuana trafficking offense cannot be considered a controlled substance offense per the definition in 4b1.2(b) because he was "merely transferring marijuana from one party to another" and "4B1.2(b) does not use the word transfer." (Doc. 1, p. 9).

Without commenting on the merits of either of Petitioner's claims, given the totality of his arguments, it is not plainly apparent that he is not entitled to relief in this Court.  *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.  In light of this, the government shall be ordered to respond to the instant Petition.

Petitioner should bear in mind the following cautionary note.  "Federal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255, 'the federal prisoner's substitute for habeas corpus.'" *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (*quoting Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).  The exception to this rule, known as the "savings clause," allows a federal prisoner to file a petition under § 2241 if the remedy provided by § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e).   In

considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

*In re Davenport* established three conditions for when this exception applies. *Id.* at 610-12. First, a petitioner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

*Mathis* is clearly a statutory interpretation case, so the first requirement of this exception is met. *See Dawkins v. United States*, 829 F.3d 549, 550 (7th Cir. 2016). However, it is possible that Petitioner may be able to raise the claims brought in this action in "his first § 2255 motion," since he has not filed one previously. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir 2016) (government conceded petitioner citing *Mathis* "would prevail in an initial collateral attack" while arguing he was not entitled to relief in *second* § 2255 proceeding). The 1-year period of limitation that applies to motions under § 2255 resets on "the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   28 U.S.C. § 2255(f)(3).

Because "[t]he retroactivity of a Supreme Court rule depends on whether it is procedural or substantive," *Narvaez v. United States*, 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), and a statutory rule that defines "the scope of a sentencing enhancement that increases the maximum allowable statutory sentence on the basis of a prior conviction is properly classified as substantive," *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010), *Mathis* appears to be a substantive rule that applies retroactively. *See Pulliam v. Krueger*, No. 16-1379, 2017 WL 104184, at *2 (C.D. Ill. Jan. 10, 2017) (citing *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016) ("*Mathis* is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016); *Montana v. Cross*, 829 F.3d 775, 783–84 (7th Cir. 2016)).  Petitioner is still within one year of June 23, 2016, the date *Mathis* was entered, so he is not yet foreclosed from attempting to bring an action citing *Mathis* under § 2255.  Therefore, Petitioner may ultimately fail at showing his remedy under § 2255 is inadequate.  Notably, however, the Seventh Circuit has suggested cases seeking to invoke *Mathis* fall under the savings clause and belong in actions under § 2241.  *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("An independent claim based on *Mathis* must be brought, if at all, in a

petition under 28 U.S.C. § 2241.")

All that being said, the Petition pending before this Court was filed pursuant to 28 U.S.C. § 2241, and cannot be re-characterized as a § 2255 motion. In *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007), the Seventh Circuit held that "judges must respect the plaintiff's choice of statute to invoke – whether § 2241, § 2255, or 42 U.S.C. § 1983 – and give the action the treatment appropriate under that law."   Because *Mathis* has broken ground in an area with little precedent, and out of an awareness of the pressing nature of Petitioner's claim, the Court will allow Petitioner to proceed, at least for now, on his theory that a § 2255 motion is inadequate or ineffective.

## Disposition

**IT IS HEREBY ORDERED** that True shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered (on or before April 7, 2017).[1]   This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

---

[1] The response date ordered herein is controlling.  Any date that CM/ECF should generate in the course of this litigation is a guideline only.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 8th day of March, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.03.08 11:50:45 -06'00'

**United States District Court Judge**

8