IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LYDELL DEVON STAPLES,**

        **Petitioner,**

vs.                                           Civil No. 16-cv-1355-DRH-CJP

**WILLIAM TRUE,**
        **Respondent.**

## MEMORANDUM and ORDER

Petitioner Lydell Devon Staples filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Doc. 10. Petitioner responded to the motion at Doc. 14.

Respondent argues that the petition must be dismissed because petitioner has not filed a motion attacking his sentence under 28 U.S.C. §2255.

## Relevant Facts and Procedural History

Petitioner entered a plea of guilty without a plea agreement to one count of distribution of cocaine base and one count of distribution of marihuana in the Western District of Kentucky, *United States v. Staples*, Case No. 11-cr-0043. In 2013, he was sentenced to 151 months imprisonment on count 1 and 60 months imprisonment on Count 2, to be served concurrently.

At sentencing, the judge agreed with the presentence investigation report

1

that petitioner qualified as a career offender under U.S.S.G. § 4B1.1. Respondent has not furnished this court with a copy of the PSI report, and the report is not available through the PACER system. However, the transcript of the sentencing hearing is available, and it is clear that petitioner was sentenced as a career offender. See, Case No. 11-cr-0043, Doc. 38, pp. 2, 11-12, 15. It is also clear that petitioner did not object to the conclusion that he was a career offender under the Guideline.

Petitioner did not appeal. In June 2017, after respondent filed his motion to dismiss in this case, Staples filed a motion under 28 U.S.C. §2255 in the Western District of Kentucky raising his *Mathis* claim. That motion was denied on September 22, 2017 because it was untimely. Case No. 11-cr-0043, Docs. 40 & 42.

## Analysis

Ostensibly relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), Staples argues that his prior Kentucky convictions for engaging in organized crime and trafficking in marihuana do not qualify as controlled substance offenses for purposes of the career offender enhancement under U.S.S.G. § 4B1.2.

At the time respondent filed his motion to dismiss, petitioner had not yet filed a § 2255 motion. Citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), respondent argues that petitioner cannot bring a § 2241 petition because no "structural problem" prevented petitioner from filing a § 2255 motion. That is, he did not face the bar on filing second or successive motions set forth in § 2244(b)

2

because he had not filed a first § 2255 motion.

Petitioner has now filed an unsuccessful § 2255 motion. Whatever the merits of respondent's argument might have been when the motion was filed, it is no longer applicable to the facts of this case and must be denied.

### Conclusion

Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 10) is **DENIED**.

Respondent shall answer the petition or otherwise plead **no later than January 22, 2018**. Respondent is not precluded from raising any objection or defense he may wish to present.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.20
09:57:22 -06'00'

**United States District Judge**