# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYDELL DEVON STAPLES, #14112-033, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 16-cv-1355-NJR |
| WILLIAM TRUE, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Lydell Devon Staples, an inmate in the Bureau of Prisons, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). In 2013, Staples was sentenced to 151 months imprisonment after pleading guilty to possession with the intent to distribute marijuana and crack cocaine in violation of 21 U.S.C. § 841(a)(1). His sentence was enhanced after the sentencing judge found Staples to be a career offender under U.S.S.G. § 4B1.1 based, in part, on two prior Kentucky felony convictions: Engaging in Organized Crime pursuant to Ky. Stat. Ann. § 506.120(1) (2000), and Trafficking in Marijuana pursuant to Ky. Stat. Ann. § 218A.1421 (1992).

Staples now invokes *Mathis v. United States*, 136 S. Ct. 2243 (2016), to challenge his designation as a career offender based on these prior convictions and argue that he is entitled to be resentenced without that designation. Specifically, Staples argues that his "engaging in organized crime" conviction does not properly qualify as a "controlled substance offense" under U.S.S.G. § 4B1.1(a)(2), and even if it did, it criminalizes more behavior than the federal statute and may not be used as a career offender predicate per *Mathis*. (Doc. 1, pp. 7–8). Staples also argues that because Kentucky's marijuana trafficking statute criminalizes the "transfer" of marijuana, but the

1

definition in the Sentencing Guidelines of a "controlled substance offense" under 4B1.2(b) does not include the word "transfer," his marijuana trafficking conviction cannot qualify as a career offender predicate under *Mathis*. (*Id*. at pp. 8–9).

Respondent opposes issuance of the writ on several grounds. Respondent argues that Staples may not rely on the savings clause of Section 2255(e) to challenge his sentence in a Section 2241 petition (Doc. 18, pp. 6–17), and further argues that Staples procedurally defaulted on his current habeas claim by failing to raise it on direct appeal, (*id*. at pp. 17–19), although Respondent admits that these arguments are contrary to current Seventh Circuit precedent. (*Id*. at pp. 2, 6, 17). Relying on recognized Seventh Circuit precedent, Respondent also argues that Staples cannot satisfy Section 2255(e)'s savings clause because his *Mathis* argument was not foreclosed by binding precedent before *Mathis* was decided, and Staples's alleged harm cannot be deemed a "miscarriage of justice" because his sentence fell within the statutory maximum penalty for his crimes of conviction notwithstanding his career offender designation. (*Id*. at pp. 19–25).

## RELEVANT FACTS AND PROCEDURAL HISTORY

Staples pleaded guilty to one count of Distribution of Cocaine Base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of Distribution of Marijuana, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), on October 10, 2012. *United States v. Staples*, Case No. 5:11-CR-43-R, Doc. 20 (W.D. Ky. Oct. 10, 2012). Staples pleaded guilty without entering into a formal plea agreement. *Id*. Staples's potential sentence was up to 20 years (240 months) imprisonment. 21 U.S.C. § 841(b)(1)(C). The Presentence Report ("PSR") determined that Staples had two qualifying career offender predicates in the form of two controlled substance offenses: engaging in organized crime and trafficking marijuana, both Kentucky felonies.[1] (Doc. 1, pp. 16–18). During the sentencing

---

[1] *See* Ky. Stat. Ann. § 506.120(1) (2000), and Ky. Stat. Ann. § 218A.1421 (1992), respectively.

hearing, neither Staples nor his counsel objected to any part of the PSR. (Doc. 18-2, p. 3). Staples's counsel did argue for a downward departure from the low end of the sentencing guidelines range (151 months—which took into account Staples's career offender classification), but counsel did not object to Staples's actual classification as a career offender. (*Id*. at pp. 2–4). Staples was ultimately sentenced to 151 months imprisonment on February 26, 2013. *United States v. Staples*, Case No. 5:11-CR-43-R, Doc. 27 (W.D. Ky. Mar. 6, 2013).

Staples did not file a direct appeal. He did, however, file a motion under 28 U.S.C. § 2255 in the Western District of Kentucky. *Id*. at Doc. 40. His Section 2255 motion filed in his underlying criminal case was noteworthy because it was filed on June 28, 2017, <u>after</u> the petition was filed in this District on December 16, 2016.[2] Like the petition here, Staples's Section 2255 motion relied on *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Id*. That motion was denied by the Western District of Kentucky due to the fact that Staples filed it past Section 2255's one year statute of limitations, as well as the court's determination that *Mathis* was not a newly recognized right set forth by the Supreme Court made retroactively applicable to cases on collateral review that would trigger a new limitation period to run one year from the date of the 2016 *Mathis* decision. *Id*. at Doc. 42, pp. 2–4 (citing 28 U.S.C. § 2255(f)). Staples has not appealed the denial of his Section 2255 motion.

### APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges

---

[2] The unorthodox order of Staples's filings can be explained by Staples's reaction to Respondent's initial motion to dismiss his petition in this case, in which Respondent argued that Staples could not show that Section 2255 was inadequate or ineffective if he had not even filed a Section 2255 motion. (Doc. 10, pp. 6–8). Two months after Respondent filed his motion to dismiss, Staples filed his Section 2255 motion in the Western District of Kentucky, and this Court ultimately denied Respondent's motion to dismiss after the Section 2255 motion was denied. (Doc. 15).

regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And a prisoner is generally limited to only *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following

*Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Since *Davenport*, the Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## ANALYSIS

Staples argues that *Mathis* dictates that the Kentucky statutes under which he was convicted for engaging in organized crime and trafficking marijuana should not have qualified as predicate "controlled substance offenses" for purposes of the career-offender enhancement found in the Sentencing Guidelines. (Doc. 1, pp. 4–5, 7–10). But before reaching the merits of this argument, the Court must first consider whether Staples's claim can be brought within the narrow gate of the savings clause. The Court agrees with Respondent that Staples cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he cannot satisfy the requirements of Section 2255(e)'s savings clause to bring his *Mathis* claim in a Section 2241 petition.

There are some errors that can be raised on direct appeal but not in a collateral attack such as a Section 2255 motion or a Section 2241 motion. In the Seventh Circuit, a claim that a defendant

5

was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for [Section] 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory and not mandatory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Staples was sentenced in 2013, well after the *Booker* decision. While the PSR calculated a total guideline range of 151 to 188 months imprisonment based in part on Staples's designation as a career offender under U.S.S.G. § 4B1.1(b), his applicable statutory sentencing range was 0–20 years, pursuant to 21 U.S.C. § 841(b)(1)(C). (Doc. 19-1, pp. 8–10, 15). Staples's 151-month sentence fell bellow the statutory maximum of 20 years (240 months).

Staples argues that he could not have brought his claim within a year of his final conviction in 2013 because the argument he raises was foreclosed to him until after *Mathis* was decided in 2016. Even assuming, for the sake of argument, that the first and second *Davenport* criteria have been met,[3] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within

---

[3] Because *Hawkins* dictates that Staples cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive of Staples's Petition, the Court need not decide whether Staples has satisfied the other two *Davenport* factors. For the same reason, the Court need not reach Respondent's additional arguments for dismissal of Staples's Petition, including the arguments Respondent admits are contrary to current Seventh Circuit precedent.

the applicable statutory limit. Staples's petition does not, therefore, meet the criteria to bring his claim within the savings clause of Section 2255(e).[4]

In short, there is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the issue raised by Staples here: the use of a prior conviction that would allegedly no longer qualify as a predicate conviction for the career offender guideline enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit. Accordingly, Staples's petition must be dismissed.

## CONCLUSION

For the reasons set forth above, Staples's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Staples wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Staples plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Staples does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined

---

[4] In his reply in support of his Petition, Staples points to the fact that his Section 2255 petition was denied by the Western District of Kentucky to argue that his claim fits within the savings clause of Section 2255. (Doc. 21, pp. 2–3). But the mere fact that Staples did not receive his requested relief in his Section 2255 proceedings does not mean Section 2255 was structurally inadequate or ineffective to test the legality of Staples's detention. *See Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) ("[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied.").

based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Staples to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: May 10, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**